IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**
    Plaintiff,

vs.                                    CASE NO.:   3:09cv505/MCR/MD

**DEONNE DUBARRY, et al.,**
    Defendants.

---

**REPORT AND RECOMMENDATION FOR
FORECLOSURE JUDGMENT AND ORDER OF SALE**

Before the court is United States of America's motion for foreclosure judgment and order of sale (doc. 89). Defendant Bank of America, N.A., has failed to submit documentation as ordered (doc. 88). United States has submitted documentation supporting the calculation of its lien on Deonne DuBarry's property (doc. 89, ex. C). It also submitted a proposed order (doc. 89, ex. 1). United States of America sent defendant the order requesting comment or objection, but Bank of America, N.A. did not respond (doc. 89, p. 1). United States' foreclosure judgment and order of sale proposes the following:

1. The United States has a valid and subsisting tax lien against defendant Deonne DuBarry in the sum of $574,549.27, as of April 18, 2011 plus interest and any statutory additions thereon, and that the tax lien against Deonne DuBarry can be foreclosed and the real property described in paragraph 2, below, be sold in its entirety pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 2001.

2.  The federal tax lien encumbers the real property that is located in Broward County, Florida and bears the street address of 4610 Paradise Isles, Destin, Florida 32541 (hereinafter, "the Subject Property"), more particularly described as:

> Lot 101, Destiny, a planned unit development, according to the plat thereof as recorded in Plat Book 14, at pages 60-63, of the Public Records of Okaloosa County, Florida.

3.  The Property Appraisal and Liquidation Specialists ("PALS") of the Internal Revenue Service ("IRS") is hereby authorized under 28 U.S.C. §§ 2001 and 2002, to offer for sale at public auction, the real property described in paragraph 2, above, with any improvements, buildings and appurtenances, thereunto pertaining. The sale of the property shall be free and clear of the interests of Bank of America, N.A., the United States of America, Fred and Laraine Bertani, Daniel E. Becnel, III, and Deonne DuBarry.

4.  The public auction referred to in paragraph 3, above, shall be held either on the premises themselves or at another location in Okaloosa County in accordance with the provisions of 28 U.S.C. § 2001, the times thereof to be announced by the IRS; after the respective property is advertised once a week for four consecutive weeks preceding the date fixed for its sale in a daily newspaper of general circulation in Okaloosa County, and by any other notice the IRS in its discretion may deem appropriate.

5.  Any rights, title, liens, claims or interests in the Subject Property described in paragraph 2, above, of all parties to this action and any of their successors, heirs or assigns, shall be discharged upon sale of the property and confirmation of the sale, as described in paragraph 3, above, and 13, below.

6.  The minimum bid for the property will be set by PALS. If the minimum bid is not met or exceeded, PALS may, without further permission of this court, and under the terms and conditions of this Foreclosure Judgment, hold a new public sale and reduce the minimum bid, or alternatively, sell to the highest bidder.

7.  The successful bidder(s) shall be required to deposit with the IRS a minimum twenty (20) percent of the deposit of his or her bid by certified or cashier's

check made payable to the "United States District Court for the Northern District of Florida."  Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale.

8.  The balance of the purchase price for the Subject Property shall be tendered to PALS by the successful bidder within thirty (30) days following the date of sale in the form of a certified or cashier's check payable to the "United States District Court for the Northern District of Florida."  In the event that the successful bidder defaults in any deposit requirement or in payment of the balance of the purchase price, the deposit made by the successful bidder shall be forfeited and applied as part of the proceeds of sale, including but not limited to covering any expenses of sale, and the real property shall be re-offered for sale in the same manner as provided herein for the initial sale, or alternatively, sold to the second highest bidder.

9.  Pending the sale of the Subject Property, PALS is authorized to have free access to the premises and to take any and all actions necessary to preserve the premises, until the deed to the property is delivered to the ultimate purchaser of the property.

10.  The sale is made pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

11.  Until the Subject Property is sold, defendant, Deonne DuBarry, shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures, and appurtenances on the property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the property and providing proof of such when requested by PALS.  Ms. DuBarry shall neither commit waste against the Subject Property nor cause or permit anyone else to do so.  Ms. DuBarry shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  Ms.

DuBarry shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall she cause or permit anyone else to do so.

12. All persons occupying the Subject Property shall leave and vacate the property permanently within thirty (30) days of entry of this order or the date on which a copy of the order is mailed to defendant Deonne DuBarry, whichever is later, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). Further, all persons occupying the Subject Property shall turn over the keys to the property to PALS and provide proof of current insurance within thirty (30) days of the date this order is entered or the date on which a copy of it is mailed to the defendant Deonne DuBarry, whichever is later. If any person occupying the Subject Property fails or refuses to leave and vacate the property by the time specified in this order, the PALS is authorized to coordinate with the United States Marshal Service to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned; and, the IRS is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 16, below.

13. The sale of the property shall be subject to confirmation by this Court, and upon confirmation, PALS shall execute and deliver its deed, conveying the Subject Property to the successful purchaser.

14. When the sale is confirmed by this Court, the Register of Deeds of Okaloosa County, Florida shall cause transfer of the Subject Property to be reflected upon that county's register of title.

*Case No. 3:09cv505/MCR/MD*

15. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

16. After confirmation of the sale of the Subject Property, this Court shall enter an appropriate order of distribution directing the Clerk of the Court to distribute the balance of the sale proceeds in the manner set forth below:

- (a) First, to PALS to cover expenses of the sale, including any expenses incurred to secure or maintain the Subject Property pending sale and confirmation of the sale by the Court;
- (b) Second, to Okaloosa County, Florida for any matured and unpaid real property taxes for the Subject Property;
- (c) Third, to Bank of America, N.A. pursuant to the mortgage recorded on September 24, 2004 in the public records of Okaloosa County, Florida in Book 2563, Page 4656;
- (d) Fourth, to the United States to be applied to the payment of the unpaid federal income tax liabilities of Deonne DuBarry for the tax year 1994 pursuant to the Notice of Federal Tax Lien recorded on January 19, 2005, in the public records of Okaloosa County, Florida in Book 2588, Page 3779 and the refiled Notice of Federal Tax Lien recorded on June 30, 2009, in the public records of Okaloosa County, Florida in Book 2895, Page 33;
- (e) Fifth, to Fred and Laraine Bertani pursuant to the mortgage recorded on May 24, 2006, in the public records of Okaloosa County, Florida in Book 2710, Page 1880; and
- (f) Any funds remaining thereafter shall be distributed to Deonne DuBarry.

17. Upon sale of the Subject Property, the respective liens and claims of the parties to this action shall attach to the sales proceeds to the same extent and in the same order of priority as such liens and claims attached to the property and as is set forth in paragraph 16, above.

*Case No. 3:09cv505/MCR/MD*

18.  The Court shall retain jurisdiction over this cause for purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff United States of America's motion for foreclosure judgment and order of sale (doc. 89) be granted.

2.  That this court enter judgment in favor of the plaintiff and order the sale of Deonne DuBarry's property located in Broward County, Florida, bearing the street address of 4610 Paradise Isles, Destin, Florida 32541 as set forth above.

At Pensacola, Florida, this 10th day of May, 2011.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE